IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:09-CV-177-RJC-DCK

| | |
|---|---|
| ANDREW SIMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | <u>ORDER</u> |
| ) | |
| BELLSOUTH ADVERTISING & ) | |
| PUBLISHING CORPORATION, d/b/a ) | |
| AT&T ADVERTISING SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Physical And Mental Examination Of Plaintiff Andrew Simon" (Document No. 16); "Defendant's Motion To Seal" (Document No. 18); and Defendant's "Consent Motion To Extend Discovery Deadline" (Document No. 21). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and these motions are ripe for disposition.

Having carefully considered the record, motions, and applicable authority, the undersigned will <u>grant</u> the motion for physical and mental exam, <u>grant</u> the motion to seal, and <u>deny as moot</u> the motion to extend the discovery deadline.

### I. BACKGROUND

This action was commenced in the General Court of Justice, Superior Court Division, of Mecklenburg County, North Carolina on February 13, 2009. Plaintiff Andrew Simon ("Plaintiff" or "Simon") then filed an Amended Complaint on March 20, 2009. Defendant BellSouth Advertising & Publishing Corporation, d/b/a AT&T Advertising Solutions ("Defendant") removed the lawsuit to this Court on April 24, 2009. Defendant asserts that jurisdiction with this Court is

proper based on federal question, diversity of citizenship, and an amount in controversy exceeding $75,000. (Document No. 1). Defendant further contends that Plaintiff's state law claims arise "out of his employment with Defendant and out of a common factual nexus as his federal claim" and therefore, the Court in its discretion may exercise supplemental jurisdiction over those state law claims. (Document No. 1, ¶ 11).

The Amended Complaint alleges, in short, that Plaintiff was subject to age discrimination during his employment with Defendant and as a result "suffered very severe emotional distress, with resulting physical manifestations, caused by the hostility of [his supervisor] and by the loss of his employment and income." (Document No. 1-6). Specifically, Plaintiff has filed legal claims for: 1) wrongful termination in violation of North Carolina's public policy against wrongful discharge based on age; 2) wrongful harassment and termination in violation of the Age Discrimination in Employment Act; 3) intentional infliction of emotional distress ("IIED"); and in the alternative 4) negligent infliction of emotional distress. Id.

On October 26, 2009, the undersigned approved and filed the parties' "Consent Protective Order" (Document No. 11). The discovery deadline is currently April 14, 2010, motions are due by May 14, 2010, and this matter is set for the Honorable Robert J. Conrad Jr.'s trial term beginning July 12, 2010. (Document Nos. 14, 22). The undersigned's assessment of the pending motions is as follows.

## II. DISCUSSION

"Defendant's Motion For Physical And Mental Examination Of Plaintiff ..." is brought pursuant to Federal Rule of Civil Procedure 35. The rule requires in pertinent part:

**(a) Order for an Examination.**

**(1) In General.** The court where the action is pending may order

2

> a party whose mental or physical condition . . . is *in controversy* to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
>
> **(2) Motion and Notice; Contents of the Order. The order:**
>
> **(A)** may be made only on motion for *good cause* and on notice to all parties and the person to be examined; and
>
> **(B)** must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed.R.Civ.P. 35(a) (emphasis added).

Defendant contends that Plaintiff has placed his physical and mental condition in controversy in this litigation by asserting a claim for intentional infliction of emotional distress and alleging "severe emotional distress, physical illness, [and] mental anguish." (Document No. 16, ¶ 2). Defendant acknowledges that Plaintiff has produced various medical records, but argues that there is good cause for an independent mental examination because those records do not yield sufficient information from which Defendant could challenge Plaintiff's allegations. (Document No. 16, ¶ 3).

Plaintiff filed its response in opposition to the requested Rule 35 examination arguing that Defendant has not met the necessary standards to show a condition that is in controversy and good cause for an exam. (Document No. 17, p.2). Plaintiff further contends that Defendant has not offered an adequately specific explanation for why the records provided thus far are not sufficient. Id. at p.3.

As Plaintiff points out, the "in controversy" and "good cause" requirements of Rule 35

> are not met by mere conclusory allegations of the pleadings-nor by mere relevance to the case-but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). The undersigned will therefore closely examine the "in controversy" and "good cause" requirements as applied to this case and the examination sought.

**A.     Rule 35 "In Controversy" Requirement**

Courts have found mental or physical conditions to be in controversy where

> (1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of disorder or other psychiatric injury; (4) the plaintiff has offered her own expert testimony to supplement her claim of emotional distress; **or** (5) the plaintiff concedes that her medical condition is "in controversy" pursuant to Rule 35.

E.E.O.C. v. Maha Prabu, Inc., 3:07-CV-111-RJC, 2008 WL 2559417 at *3 (W.D.N.C. June 23, 2008) (emphasis added) citing Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D.Cal. 1995). Although Plaintiff has not explicitly conceded his medical condition is "in controversy," the other Turner factors, previously identified by this Court to find a mental condition in controversy, are present.

First, the Amended Complaint asserts a specific cause of action for intentional infliction of emotional distress, as well as an alternative cause of action for negligent infliction of emotional distress. (Document No. 1-6, p.8-9). Not only is this factor met, but there is relevant caselaw that "[a] party's separate claim of IIED, in and of itself, sufficiently places that party's mental condition 'in controversy' so as to warrant a Rule 35 examination." Lytel v. Simpson, 2006 WL 2053516 at *3 (N.D.Cal. July 21, 2006) citing Turner, 161 F.R.D. at 95; Gattegno v. Pricewaterhousecoopers, LLP, 204 F.R.D. 228, (D.Conn. 2001).

Next, Plaintiff has claimed to suffer "severe emotional distress," as is also evident on the face of the Amended Complaint. (Document No. 1-6, §§ 36, 40-41). Although not specifically

4

alleged to be "unusually severe," the combination of factors evident here indicates to the undersigned that the severe emotional distress complained of could be fairly categorized as "unusually severe emotional distress."

The third factor, an allegation of a specific disorder or other psychiatric injury, appears to be met. This is most clearly revealed in Plaintiff's deposition, where he testified that health conditions resulting from his underlying claims against Defendant included depression, anxiety and post traumatic stress disorder. (Document No. 19-1, pp. 3-5).

The fourth Turner factor is satisfied by Plaintiff's Rule 26 disclosures and designation of expert witnesses, which include treating physicians, among others, who may testify at trial and would seem very likely to supplement Plaintiff's claim of emotional distress. (Document Nos. 19-2, 19-3). Unlike the E.E.O.C. case, where the Court denied a request for an independent medical examination, Plaintiff here has clearly indicated that one or more expert witnesses will be called to testify regarding Mr. Simon's mental state. See E.E.O.C., 2008 WL 2559417 at *4.

This Court's previous ruling in E.E.O.C. also notes that "a claim of unusually severe distress must usually be accompanied by another of the Turner factors in order to merit independent examination." E.E.O.C., 2008 WL 2559417 at *3. As described above, the pleadings and exhibits in the record strongly suggest that the circumstances of this case exceed the minimum requirements for finding a mental condition "in controversy" in that there is not only *another* Turner factor, but that several, and perhaps even all, of the Turner factors are applicable. As such, there is no real doubt that Plaintiff's mental condition is "in controversy."

### B. Rule 35 "Good Cause" Requirement

In addition to a mental condition being "in controversy," Rule 35 requires that "good cause" for an independent examination be adequately demonstrated. Guilford Nat. Bank of Greensboro v.

Southern Ry. Co., 297 F.2d 921, 924 (4th Cir. 1962). This Court has opined that the examination sought must not only be relevant, but necessary, "which is the element that separates procedures involving independent medical examinations and other tools of discovery." E.E.O.C., 2008 WL 2559417 at *2, citing Schlagenhauf, 379 U.S. at 118. This Court explained in E.E.O.C. that good cause is not satisfied where a reasonable lay person would be able to understand the symptoms of emotional distress; however, if Plaintiff indicates expert witnesses will be called to testify regarding Plaintiff's mental state, then good cause would exist. E.E.O.C., 2008 WL 2559417 at *4.

Defendant argues that good cause for an independent examination is present under the circumstances of this case to counter anticipated expert testimony of Plaintiff's primary therapist, Dr. Leon Hersh ("Hersh"), and possibly other health care providers. (Document No. 19, p.3). Defendant contends that the bulk of the medical records produced are summaries of counseling sessions of Plaintiff with Hersh, recorded days or weeks after the sessions occurred. Id. It is Defendant's position that even if these records are accurate, they are insufficient for its medical expert to formulate an expert opinion regarding the nature, extent, or cause of Plaintiff's alleged mental health condition. Id. As described above, Plaintiff has clearly signaled the intention to call expert witnesses to testify to his mental state, and in such circumstances the courts have found "good cause" for an independent examination. See Smith v. Board of Governors, No. 7:08-CV-30-D, 2008 WL 4877131 at *2 (E.D.N.C. Nov. 10, 2008); Lytel v. Simpson, 2006 WL 2053516 at *4.

In Smith, the court determined that there was "good cause for a mental examination to diagnose Plaintiff's asserted emotional distress and to independently assess the cause and extent of emotional distress caused to Plaintiff by Defendants. . . . Defendants have a right to explore the nature, cause and extent of Plaintiff's alleged emotional distress...." Smith, 2008 WL 4877131 at *2. The undersigned is satisfied that Defendant has established the inadequacy of relying on

Plaintiff's medical records, and the necessity for an independent assessment, for a fair opportunity to defend against the claims brought by Plaintiff in the instant lawsuit. Good cause has thus been established to support an independent examination by Defendant. The extent of the examination, however, should be limited from what Defendant appears to currently seek.

### C. Examination

If allowed, Plaintiff opposes the extent of the "unnecessarily onerous" examination recently proposed by Defendant. (Document No. 17, p.3). Rule 35, as noted above, specifically requires that an order for examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed.R.Civ.P. 35(a)(2)(B).

Defendant's original "Notice of Physical And Mental Examination Of Plaintiff Andrew Simon" (Document No. 16-1) outlined the scope of the examination it proposed Dr. Lurie would follow. Notably, that notice estimated the time for exam as six to seven hours. Id. The "Reply Brief In Support..." of the motion altered the original request in significant ways, including expanding the time frame to ten hours and proposing that a third party would conduct eight hours of the testing. (Document No. 19, p.10). Defendant also originally sought to conduct a physical examination. (Document No. 16, 16-1). Based on the lack of argument in the briefs, it appears Defendant has abandoned the request for a physical exam, or has at least failed to adequately support that aspect of the original request for examination.

After careful consideration of the pleadings, and particularly Defendant's original motion, the undersigned will limit the scope of Defendant's independent examination as follows: (1) a mental examination only, related to Plaintiff's allegations of emotional distress - as described in the "Notice..." (Document No. 16-1); (2) lasting no more than **seven (7)** hours; (3) on a date or dates that are mutually agreed upon - before **April 30, 2010**; and (4) conducted by Dr. Lurie, at his office

or other location agreed upon by the parties.

     **D.**     **Motions to Seal and to Extend Deadlines**

"Defendant's Motion To Seal" (Document No. 18) seeks leave to file certain documents attached to its reply brief (Document No. 19) under seal. The documents Defendant proposes to seal purportedly contain information regarding Plaintiff's medical history and treatment. Pursuant to the "Consent Protective Order" in this matter, the sealing of these documents appears to be appropriate. Defendant's motion does not indicate that the requirement of consultation has been met pursuant to Local Rule 7.1(B); nevertheless, for good cause shown, the Court will allow the motion.[1]

The "Consent Motion To Extend Discovery Deadline" (Document No. 21) will be denied as moot in accordance with the Court's ruling on the motion for Rule 35 examination.

### III. CONCLUSION

Based on the foregoing, the undersigned concludes that an examination of Plaintiff's mental health by Defendant's designated physician is appropriate, the motion to seal should be allowed, and that the motion to extend deadlines should be denied as moot.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Physical And Mental Examination Of Plaintiff Andrew Simon" (Document No. 16) is **GRANTED**. Defendant's physician, Dr. Scott Lurie, may conduct a mental examination of Plaintiff as described herein.

**IT IS FURTHER ORDERED** that for the limited purpose of the Rule 35 examination and Plaintiff's opportunity to depose Defendant's expert, the discovery deadline is extended to **April 30, 2010.** All other discovery shall be completed as scheduled, and motions are due by **May 14, 2010**.

---

[1] "Defendant's Motion For Physical And Mental Examination..." (Document No. 16) also fails to meet this requirement under the Local Rules.

**IT IS FURTHER ORDERED** that "Defendant's Motion To Seal" (Document No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's "Consent Motion To Extend Discovery Deadline" (Document No. 21) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: March 31, 2010

David C. Keesler
United States Magistrate Judge